FILED

MAY 19 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Dorian Alexander Edwards
In Pro Se
434 Iron Club Drive
Brentwood, CA 94513
925.788.4847
dorian160@yahoo.com

# UNITED STATES DISTRICT
# NORTHERN DISTRICT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

DORIAN ALEXANDER EDWARDS,

Plaintiff,

vs.

STEVEN ALFRED BOOSKA, STEVEN A. BOOSKA LAW OFFICE, AND DOES 1 - 20

Defendants

Case No.: C17- 2888 LB

**COMPLAINT FOR DAMAGES**

1. Violation of the Fair Debt Collection Practices Act
2. Violation of the Automatic Stay
3. Malicious Prosecution
4. Abuse of Process
5. Defamation Per Se
6. False Light
7. Intentional Infliction of Emotional Distress
8. Negligence

DEMAND FOR JURY

## COMPLAINT

COMES NOW the Plaintiff, In Pro Se, in the above styled cause and for his Complaint against the Defendants, Steven Alfred Booska; Steven A. Booska Law Offices, and DOES 1 - 20, states as follows:

## JURISDICTION & VENUE

1. This is an action brought by a consumer for violations of the Fair Debt Collection

COMPLAINT FOR DAMAGES - 1

Practices Act (15 U.S.C. §1692 et seq. [hereinafter "FDCPA"]), and the Bankruptcy Code (11 U.S.C. §§ 362 et seq., and 1301 et seq). Therefore, subject matter jurisdiction exists under 28 U.S.C. §1331, with the amount in controversy exceeding $75.000.00, exclusive of costs and interest.

2. This action is also brought under concurrent jurisdiction with the Laws of the State of California for violation of State laws and statutes.

3. Venue is proper in this Court under 28 U.S.C., Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

4. Any reference to the Fair Debt Collection Practices Act and/or the Bankruptcy Code or to any part thereof encompasses all relevant parts and subparts thereto.

**PARTIES**

5. The Plaintiff, Dorian Alexander Edwards ["Plaintiff" or "Edwards"] is a natural person and an Applicant to the State Bar of California, having passed the State Bar Exam and in the process of qualifying for Determination of Moral Character.

6. Defendant Steven Alfred Booska is an individual, licensed, practicing attorney in the State of California and the Owner or Principal of co-defendant Steven A. Booska Law Office engaging in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) doing business in this judicial district.

7. Defendant Steven A. Booska Law Office, is a Law Office, organization unknown, doing business in the State of California that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) doing business in this judicial district.

COMPLAINT FOR DAMAGES - 2

8. The names and organization of Defendants DOES 1 – 20, are unknown to Plaintiff who will seek leave to amend the Complaint to add these Defendants as their identities are discovered.

9. Defendants and each or them, acted under agency with the full knowledge and authorization of the events complained of herein, with each defendant ratifying the conduct of the others.

## FACTUAL ALLEGATIONS

10. On, or about March 7, 2008, a Chapter 11 petition, case no. 08-41073 was filed in the Bankruptcy Court of Northern Califonia that listed Meharry Medical College [hereinafter "Meharry"] as one of the creditors holding 20 largest unsecured claims.

11. On or about 07/30/2009, Defendants filed an action entitled <u>Meharry Medical College v. Dorian a. Edwards</u>, case no. MSL09-07515 [Hereafter "the Case"], in Superior Court of California, County of Contra Costa, City of Martinez, to collect the unsecured Meharry claim that had been included in the bankruptcy.

12. On or about October 20, 2009, the Chap 11 petition was converted to a Chap 7, and Meharry was discharged as an unsecured creditor. A true and correct copy of the Chapter 7 Discharge of Debtor and Certificate of Notice is attached hereto and made part of this complaint as **Exhibit 1**, consisting of three (3) pages.

13. Defendants filed the Case without obtaining relief from the automatic stay of the bankruptcy and with full knowledge that the claim had been included in the bankruptcy.

14. On or about May 19, 2015, while completing his Application for Moral Character Determination [hereinafter "Application"], Plaintiff learned that Defendants had obtained a judgment against him in the Case, in the amount of approximately $44000.00.

COMPLAINT FOR DAMAGES - 3

15. In addition to obtaining the judgment, Defendants reported the judgment to the major credit reporting agencies which caused the State Bar Commission [hereinafter the "Commission"] to conclude that Plaintiff lacked good debt management, which was a substantial factor in the Commission's finding that Plaintiff lacked good moral character, resulting in the Commission's rejection of Plaintiff's Application and denial of the issuance of his Law License.

16. To prevent the wrongful judgment from affecting his Application, Plaintiff filed for bankruptcy to resolve the debt and supplemented his Application to the Committee.

17. On or about September 7, 2016, the Court issued a Discharge of Debtor and Final Decree, again discharging Meharry as an unsecured creditor. A true and correct copy of the Discharge of Debtor and Final Decree, and the bankruptcy schedule showing Meharry as a discharged, unsecured creditor, is attached hereto and made part of this complaint as **Exhibit 2**, consisting of four (4) pages.

18. On or about January 30, 2017, Defendants filed and had issued an Order to Appear for Examination and a Civil Subpoena Duces Tecum upon Plaintiff for examination for the Meharry judgment. A true and correct copy of the Order to Appear for Examination and the Subpoena Duces Tecum are attached hereto and made part of this complaint as **Exhibit 3**, consisting of three (3) pages.

19. On or about February 24, 2017, Plaintiff informed Defendants that they were violating the law and his legal rights. Thereafter, Defendants issued a letter dated March 16, 2017, informing Plaintiff that the Order to appear will not be withdrawn.

20. On or about March 4, 2017, Plaintiff sent a second letter to Defendants, together with a copy of the Discharge Order and the section of the bankruptcy filing showing that Meharry judgment had been discharged for a second time on September 7, 2016.

COMPLAINT FOR DAMAGES - 4

21.   On March 16, 2017, Defendants sent a letter to Plaintiff stating that the Order for Examination "will not be withdrawn by this office" while also informing the Committee's Investigator that the Meharry judgment was valid. A true and correct copy of the Defendants' letter is attached hereto and made part of this complaint as **Exhibit 4.**

22.   On March 24, 2017, Defendants sent Plaintiff Notice of Continued Hearing of Order of Examination to May 25, 2017, together with their letter stating that they had demanded "a body attachment and warrant" for Plaintiff's arrest for failure to appear and that if Plaintiff again failed to appear he would be arrested and brought before the Court to show cause why he should not be punished for contempt. A true and correct copy of the Notice of Continued Hearing of Order of Examination and Defendants' letter and are attached hereto and made part of this complaint as **Exhibit 5**, consisting of three (3) pages.

23.   On or about April 13, 2017, Defendants filed their Notice of Cancellation of Order of Examination, telling the Court that: "Defendant *has* (emphasis supplied) filed bankruptcy." A true and correct copy of the Notice of Cancellation is attached hereto and made part of this complaint as **Exhibit 6**, consisting of two (2) pages.

24.   Defendants Notice of Cancellation of the Order of Examination is a fraudulent filing in Court, for it tells the Court the lie that Plaintiff filed bankruptcy after the Order of Examination was filed.

25.   Defendant violated the automatic stay provisions of the Bankruptcy Code, falsely reported the information regarding the alleged judgment owed by Plaintiff to one or more consumer-reporting agencies, and reported the debt as valid in violation of the FDCPA.

COMPLAINT FOR DAMAGES - 5

26. This public reporting to consumer-reporting agencies constitutes defamation as Defendant has publicized false information about the alleged money owed by Plaintiff, which is false.

27. All actions taken by Defendant were done knowingly in violation of the FDCPA, willfully and with malice and with a desire to harm Plaintiff by reporting false information about Plaintiff's creditworthiness to the Commission to force Plaintiff to honor the unlawful judgment.

28. Defendants intentionally and maliciously reported to the Commission that Plaintiff had an unsatisfied judgment to force Plaintiff to honor the discharged judgment, knowing that if Plaintiff refused to pay, the Commission would deny Plaintiff's law license.

29. As a direct and proximate cause of Defendants misconduct, the Commission concluded that Plaintiff lacked good debt management and good moral character, resulting in the denial of Plaintiff's Law License.

30. As a further direct and proximate cause of Defendants misconduct, Plaintiff suffered substantial financial loss, in the amount of $125,000.00, per year as lost employment opportunity from the date of the Commission denying Plaintiff's Law License and continuing.

31. As a further direct and proximate cause of Defendants misconduct, Plaintiff suffered great emotional distress from the date of the Commission's denial of his Law License and continuing.

32. As a further and proximate cause of Defendants misconduct, Plaintiff was libeled, cast in false light and maligned by Defendants misconduct, malicious prosecution and abuse of process with Plaintiff suffering additional monetary loss, past and future damage to Plaintiff's credit and credit worthiness.

COMPLAINT FOR DAMAGES - 6

33. It is a practice of Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the Bankruptcy code, the FDCPA, and state law.

34. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

WHEREFORE, Plaintiff prays for damages against Defendants according to statute and for an amount of $125,000.00, from the date of the Commission's denial of his Law License, in addition to no less than $250,000.00, for his mental distress past and continuing and for an award of punitive and/or exemplary damages.

### FIRST CLAIM FOR RELIEF
### Violations of the FDCPA

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

35. Defendants, debt collectors under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of Plaintiff's rights;

   b. Refusing to verify or to provide validation of the debt;

   c. Not showing the account/tradeline as being in "dispute" on Plaintiff's credit report; and

   d. Falsely reporting the debt on Plaintiff's credit report.

COMPLAINT FOR DAMAGES - 7

36. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### Violation of the Automatic Stay in Bankruptcy

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37. Section 362 of the Bankruptcy Code provides in pertinent part that:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title,…operates as a stay, applicable to all entities, of—

> (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> …
>
> (6) Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

38. Section 1301 of the Bankruptcy Codes provides in pertinent part that:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt.

COMPLAINT FOR DAMAGES - 8

39.   Defendants and each of them violated the provision of the Bankruptcy Codes by commencing, instituting and continuing the Meharry claim against Plaintiff, after the claim was discharged on September 20, 2009, and again by re-instituting, continuing and re-enforcing the Meharry claim after it was discharged for a second time on September 7, 2016.

40.   Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### Malicious Prosecution

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

41.   Defendants, and each of them:

    a.   Intentionally and maliciously instituted and pursued a legal action against Plaintiff by filing, obtaining, recording and publicizing a complaint, a judgment and a Notice of Examination the case entitled <u>Meharry Medical College v. Dorian Alexander Edwards</u>, case no. MSL09-07515 filed in the County of Contra Costa, City of Martinez

    b.   Brought their legal action against Plaintiff without probable cause, and

    c.   Had their malicious legal action dismissed in Plaintiff's favor.

42.   Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

### FOURTH CLAIM FOR RELIEF
### Abuse of Process

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

COMPLAINT FOR DAMAGES - 9

43. Defendants, and each of them willfully used legal process with the ulterior purpose of extorting substantial sums of money from Plaintiff by obtaining an unlawful judgment and compelling Plaintiff's attendance to an Examination to obtain a collateral advantage not allowed by the proceeding, so as to coerce Plaintiff's surrender of property, assets or money.

44. Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

## FIFTH CLAIM FOR RELIEF
### Defamation Per Se

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

45. Defendants, and each of them, defamed Plaintiff in his trade, profession, or occupation as follow:

    a. Publishing a discharged judgment to credit reporting agencies and to the Commission stating that Plaintiff owed money;

    b. The Commission and creditors receiving notice of the discharged judgment, reasonable understood that the judgment was about Plaintiff;

    c. The Commission and creditors receiving notice of the false judgment reasonable understood the judgment to mean that Plaintiff owed substantial sums of money; and

    d. Defendants failing to use reasonable care to determine the truth, falsity or legality of the judgement.

46. Defendants wrongful conduct was a substantial factor in causing: (1) harm to Plaintiff's trade, profession, or occupation, (2) harm to Plaintiff's reputation, and (3) shame, mortification, and humiliation.

COMPLAINT FOR DAMAGES - 10

47. Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

### SIXTH CLAIM FOR RELIEF
### False Light

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

48. Defendants, and each of them, placed Plaintiff in a false light by:

   a. Publishing the Judgment, the Notice of Examination and credit reporting information that portrayed Plaintiff in a false or misleading light.

   b. The information published by Defendants is highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

   c. Defendants published the information with reckless disregard as to its offensiveness.

49. Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

### SEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

50. Defendants, and each of them acted with negligence, malice, wantonness, intentionally or recklessly, in an extreme and outrageous manner, causing severe emotional distress to Plaintiff.

51. Plaintiff has been damaged as a direct result of Defendants actions as set forth in this Complaint.

COMPLAINT FOR DAMAGES - 11

## EIGHTH CLAIM FOR RELIEF
### Negligence

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

52. Defendants, and each of them had a duty to refrain from acts stated herein.

53. Defendants breached this duty.

54. Defendants' breach of the duty caused harm to Plaintiff.

55. Additionally, Plaintiff request the Court to apply the evidentiary presumption of Negligence Per Se, in that Defendants: (1) violated the FDCPA and the Bankruptcy Code; (2) the violation caused the Plaintiff's injury; (3) the injury resulted from the kind of occurrence the statute or regulation was designed to prevent; and (4) Plaintiff was a member of the class of persons the statute or regulation was intended to protect. *See Alejo v. City of Alhambra*, 75 Cal.App.4th 1180, 1184-1185 (Cal.App. 1999).

## RELIEF SOUGHT

56. An award of statutory, actual, compensatory, and punitive damages as set forth hereinbefore, and costs of the action including expenses, together with reasonable attorney's fees.

57. Plaintiff prays for a substantial award for punitive and/or exemplary damages for reason that Defendant's conduct was malicious, oppressive and vile, with a wickedness rarely seen in civilized society in that Defendants used the judicial process not only to abuse and oppress Plaintiff but also to force Plaintiff to pay the discharged judgment or jeopardize qualifying for his law license.

58. Plaintiff also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

COMPLAINT FOR DAMAGES - 12

1  Respectfully Submitted,

3  Dated: May 1 2017

                                                                               Dorian Alexander Edwards
                                                                               In Pro Se

COMPLAINT FOR DAMAGES - 13